**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

IVORY YOUNG,

    *Plaintiff,*

-vs-

JOHN W. HENDRICKS, JR. and
BAR M VENTURES, LLC,

    *Defendants.*

Case No.: 2:24-cv-06325-DCN

**COMPLAINT**
(Jury Trial Demanded)

    Plaintiff Ivory Young, by and through her undersigned attorneys, complains of Defendants and alleges as follows:

**Parties, Venue, and Jurisdiction**

1. Plaintiff Ivory Young ("Plaintiff") was injured in the crash that is subject of this action (the "Crash"). At all relevant times, Plaintiff is a resident and citizen of Dorchester County, South Carolina.

2. Defendant John W. Hendricks, Jr. ("Defendant Hendricks") was driving the vehicle that crashed into Plaintiff and caused Plaintiff's injuries. Upon information and belief, Defendant Hendricks is a citizen and resident of Tennessee.

3. Upon information and belief, Defendant Bar M Ventures, LLC, ("Defendant Bar M") was a Tennessee corporation with its principal place of business in Tazewell, Claiborne County, Tennessee.

4. At all times relevant to this action, Defendant Hendricks was an agent, servant, and/or employee of Defendant Bar M, individually or jointly.

5. At all times relevant to this Complaint, and at the time of the Crash, Defendant Hendricks was acting in the course and scope of his employment with Defendant Bar M.

6. The Charleston Division is proper because at the time this cause of action arose, the acts and omissions giving rise to this cause of action took place in Berkeley County, South Carolina, as further shown below.

7. This Court has personal jurisdiction over the Defendants because Defendant Bar M was, at the time this cause of action arose, doing business in South Carolina through its agent Defendant Hendricks, and this cause of action relates to and arises out of Defendant Bar M's contacts with South Carolina, as further shown below.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1332 because (1) Plaintiff is a citizen and resident of South Carolina while Defendant Hendricks is a citizen and resident of Tennessee and Defendant Bar M is incorporated in Tennessee and its primary place of business is in Tennessee, and as such there is complete diversity between the parties, and (2) the amount in controversy exceeds $75,000.00 due to Plaintiff's serious injuries.

## BACKGROUND

9. On or about September 24, 2024, Defendant Hendricks was driving a 2016 Freightliner Cascadia tractor trailer owned by Defendant Bar M on Interstate 26 near Summerville in Berkeley County, South Carolina.

10. Plaintiff and Defendant Hendricks were driving east in the rightmost lane when Defendant Hendricks failed to slow his vehicle with traffic and suddenly smashed his tractor trailer into the rear end of the car behind Plaintiff, which then smashed into Plaintiff's car.

11. The Crash caused by Defendant Hendricks is the proximate cause of Plaintiff's serious personal injuries and damages. Therefore, Plaintiff sues on the following grounds:

## COUNT I
(Negligence *per se* as to Defendant Hendricks)

12. Plaintiff adopts, realleges and incorporates the allegations contained in the preceding paragraphs.

13. Defendant Hendricks owed Plaintiff statutory duties to operate his vehicle in a reasonable and safe manner so as to not cause injury to Plaintiff.

14. Defendant Hendricks breached his duty to Plaintiff by failing to exercise reasonable care to avoid crashing into the rear of Plaintiff's vehicle.

15. Defendant Hendricks' violation of his statutory duties constitutes negligence *per se*.

16. Defendant Hendricks' breach of his statutory duties, as described above, is not only negligence *per se*, but is also evidence of recklessness, willfulness, and wantonness sufficient to entitle Plaintiff to both compensatory and punitive damages.

17. Defendant Hendricks' violations of his statutory duties caused Plaintiff's damages, including but not limited to the following:

   a. Significant past and future medical expenses;
   b. Lost income and reduced earning capacity;
   c. Emotional distress and anxiety;
   d. Mental anguish;
   e. Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental well-being; and
   f. Other damages as will be shown in the discovery and trial of this case.

18. Because Plaintiff was injured as a direct result of Defendant Hendricks' violations of his statutory duties described above, Plaintiff is entitled to actual and compensatory damages for her personal injuries and property damage in the amount the jury determines at the trial of this case.

19. Defendant Hendricks' statutory violations demonstrate such wanton disregard for the health, rights, and safety of Plaintiff, and should thus pay punitive damages in the amount the jury determines appropriate to punish Defendant Hendricks for his reckless conduct, to discourage

such reckless conduct in others, and to vindicate Plaintiff's private rights which Defendant Hendricks violated. Plaintiff also requests whatever costs, attorney fees, and interest to which this Court determines she is entitled.

## COUNT II
(Negligence as to Defendant Hendricks)

20. Plaintiff adopts, realleges and incorporates the allegations contained in the preceding paragraphs.

21. Defendant Hendricks owed Plaintiff a common-law duty to do the following:

   a. Keep a proper lookout;
   b. Maintain appropriate attention on the road while driving;
   c. Maintain his vehicle in a roadworthy manner;
   d. Yield the right of way to Plaintiff;
   e. Apply his brakes so as to timely stop his vehicle;
   f. Operate his vehicle in a safe manner and at a safe speed; and
   g. Drive in a reasonably careful manner with respect for the rights and safety of others such as Plaintiff.

22. Defendant Hendricks breached his duty to Plaintiff in the following ways:

   a. Failing to keep a proper lookout;
   b. Driving while distracted;
   c. Failing to slow when traffic ahead of him was slowing and stopping;
   d. Failing to apply his brakes and stop in a timely manner;
   e. Crashing into Plaintiff instead of steering around or away from her;
   f. Failing to yield the right of way to Plaintiff;
   g. Operating his vehicle in an unsafe manner or at an unsafe speed, or
   h. Driving in an unreasonable and careless manner without thought for the rights and safety of others, including Plaintiff, as shall be further shown in the discovery and trial of this case.

23. Defendant Hendricks' breach described above was not only negligent, but also grossly negligent, careless, reckless, willful, and wanton.

24. Defendant Hendricks' negligent, grossly negligent, careless, reckless, willful, and wanton breach of his duty directly and proximately caused Plaintiff serious injuries, and Plaintiff's outstanding medical bills. As a direct result of Defendant Hendricks' negligence, gross negligence,

carelessness, recklessness, willfulness, and wantonness, Plaintiff has suffered or will suffer the following damages:

    a. Significant past and future medical expenses,
    b. Lost income and reduced earning capacity,
    c. Personal property damage,
    d. Emotional distress and anxiety,
    e. Mental anguish,
    f. Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental well-being, and
    g. Other damages as will be shown in the discovery and trial of this case.

25. Because Plaintiff was injured as a direct result of Defendant Hendricks' acts and omissions described above, Plaintiff is entitled to actual and compensatory damages for her personal injuries and property damage in the amount the jury determines at the trial of this case.

26. Defendant Hendricks' acts and omissions demonstrate such want of care as to show Defendant Hendricks was consciously indifferent both to the consequences of his acts and omissions and to the health, safety, and rights of Plaintiff and others. Thus, in addition to Plaintiff's compensatory damages, Defendant Bar M and Defendant Hendricks should also pay punitive damages in the amount the jury determines appropriate to punish Defendant Hendricks for his reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff's private rights which Defendant Hendricks violated. Plaintiff also requests whatever costs, attorney fees, and interest to which this Court determines she is entitled.

## COUNT III

(Vicarious Liability as to Defendant Bar M)

31. Plaintiff adopts, incorporates and realleges the allegations of the preceding paragraphs.

32. At the time of the crash that is the subject of this lawsuit, Defendant Hendricks was acting in the scope of his employment on behalf of Defendant Bar M.

33. Defendant Bar M, thus acting through its agent, servant, and employee Defendant Hendricks, is vicariously liable for the negligent, careless, reckless, wanton, willful, and grossly negligent acts of Defendant Hendricks as set forth in the first and second causes of action.

34. Plaintiff asks this Court to enter judgment ordering Defendant Bar M to pay actual, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

## **COUNT IV**

(Negligent Hiring, Training, Supervision, and Retention as to Defendant Bar M)

35. Plaintiff adopts, incorporates and realleges the allegations contained in the preceding paragraphs.

36. Defendant Bar M was negligent, careless, reckless, wanton, willful, and grossly negligent in hiring, training, supervising, or retaining Defendant Hendricks to operate a vehicle on Defendant Bar M' behalf in one or more of the following ways:

   a. Failing to review Defendant Hendricks' driving history;
   b. Failing to assess Defendant Hendricks' driving skill;
   c. Hiring Defendant Hendricks to drive on Defendant Bar M's behalf despite Defendant Hendricks' history of unsafe driving;
   d. Failing to have policies and procedures to train or monitor Defendant Hendricks, or if such policies and procedures were in place, failing to enforce them;
   e. Failing to ensure Defendant Hendricks had proper training and experience to operate a vehicle for Defendant Bar M in a safe and effective manner; and
   f. Otherwise failing to investigate Defendant Hendricks' skill and history with a vehicle, train Defendant Hendricks in proper driving procedures, supervise Defendant Hendricks' driving, release Defendant Hendricks from employment due to safety issues, or otherwise act as a reasonable employer would under the same or similar circumstances.

37. Based on Defendant Hendricks' unsafe driving history, Defendant Bar M knew or should have known that hiring, training, supervising, or retaining Defendant Hendricks posed a risk of foreseeable harm to third parties.

38. Plaintiff asks this Court to enter judgment ordering Defendant Bar M to pay actual, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

**WHEREFORE**, Plaintiff asks this Court to award her actual, compensatory, and punitive damages in an amount the jury determines appropriate at trial, as well as such costs, attorney fees, and pre- and post-judgment interest as this Court determines she is entitled to, and such other relief as this Court determines is just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

        **MORGAN & MORGAN, P.A.**

        */s/ James G. Biggart II*
        JAMES G. BIGGART II, ESQ.
        Federal ID: 14195
        COOPER KLAASMEYER, ESQ.
        Federal ID: 14272
        4401 Belle Oaks Drive, Suite 300
        North Charleston, SC, 29405
        Telephone: (843) 973- 5186
        Fax: (843) 947- 6113
        jbiggart@forthepeople.com
        cooper.klaasmeyer@forthepeople.com
        swright@forthepeople.com
        **Attorneys for the Plaintiff**

November 5, 2024
Charleston, South Carolina