**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| IVORY YOUNG | ) | |
| *Plaintiff,* | ) | |
| | ) | C/A No.: 2:24-cv-06325-DCN |
| -*vs*- | ) | |
| | ) | **PLAINTIFFS' RESPONSE IN** |
| JOHN W. HENDRICKS, JR. and BAR M | ) | **OPPOSITION TO DEFENDANTS'** |
| VENTURES, LLC. | ) | **MOTION TO SET ASIDE ENTRY OF** |
| | ) | **DEFAULT** |
| *Defendants.* | ) | |
| | ) | |
| | ) | |
| | ) | |

Plaintiff Ivory Young, by and through their undersigned counsel, hereby submit this Response in Opposition to Defendants' Motion to Set Aside Entry of Default, and in support thereof, state as follows:

**LEGAL STANDARD**

Fed.R.Civ.P 55(c) states "The court may set aside an entry of default for good cause." Good cause under 55(c) must be interpreted by weighing the factors of "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006)

**ARGUMENT**

I.     **The *Payne* factors weigh against Defendants**

Each Defendants' arguments are distinct enough from one other as to warrant separate consideration. Bar M Ventures, LLC's argument speaking to the factors in *Payne* can be

summarized as follows: Bar M has a meritorious defense, Bar M responded with reasonable promptness from the time they were first informed of the suit,  Bar M is not personally responsible for the actions of it BOC-3 agent, Plaintiff is not prejudiced, there is not history of dilatory action, and the sanction of default judgment is too drastic.

Bar M's argument regarding reasonable promptness compares the date which Bar M concedes notice to the date of its' answer. This characterization is misleading and ignores the greater context of the matter. Courts have held that the correct measurement and standard for reasonable promptness is contextual and is not easily tied to a set time. *See United States v. Moradi,* 673 F.2d 725, 727 (4th Cir. 1982) ("Whether a party has taken "reasonably prompt" action, of course, must be gauged in light of the facts and circumstances of each occasion and the exercise of discretion by the trial judge will not be disturbed lightly.") Thus, Bar M's promptness must also be judged in the light of its responsibilities to appoint an agent for process under federal law, act in a supervisory capacity over its agents, and to act in a supervisory capacity over its driver who was a statutory employee.

Bar M retained counsel as early as September 3, 2024, to represent their interests related to the crash which is the subject of this action. *See* **Exhibit A**, Letter from Defense Counsel. This letter predates service of process on Bar M by nearly two months and was addressed to multiple claimants. While this does not show Bar M had knowledge of the suit, Bar M was aware of the claim against itself and its's driver. Bar M should have taken steps to ensure that its agents for process were able to act in the sole capacity for which they provided services to Bar M, that its driver was on notice that he would likely be served, and that its driver knew what to do upon being served.

Bar M argues that it is not personally responsible for the actions of its agent, Robert Moseley. This argument is wrong as service was complete upon delivery to the registered agent. *See* Fed.R.Civ.P. Rule 4, 12 (Note the time for answering the complaint is calculated upon service being made upon the registered agent). Defendants have never asserted that service here is improper. *See generally* Answer, Dkt. Entry 9. Allowing corporate defendants to appoint agents for process who do not properly engage in the sole task for which they are contracted is a against the public interest and is contrary to the requirement of their appointment. Here, this is made worse by the fact that the agent is a licensed attorney. The BOC-3 agent, by his own admission, knew of the suit on November 27, 2024, knew of the problem with delivery of the papers on January 7, 2025, and still did not attempt to notify the company for which he was acting as agent in a more reliable method than mail. *See* Affidavit of Robert D Moseley, Jr. It is contrary to public policy to rule that proper service upon a properly appointed agent, who is a licensed attorney, does not constitute notice of a lawsuit.

**II.     Defendants have not made a proffer of evidence supporting their alleged meritorious defense.**

The answer filed by defendants contains only statements of fact and law which are purely conclusory and denials. Defendants have not proffered any evidence of the alleged meritorious defense in this case. *Cf. Auto-Owners Ins. Co. v. Levine,* No. CV 2:06-2203-DCN, 2008 WL 11349739, at \*2 (D.S.C. Aug. 20, 2008) (Where Defendant provided a contract which tended to support their meritorious defense) While the answer provided may meet the standard of pleading for a defense ordinarily, in a default case Defendants must make a proffer of evidence supporting their meritorious defense. Here, Defendants fail to make the requisite proffer of evidence.

**MORGAN & MORGAN**

BY *s/ Cooper Klaasmeyer*
Cooper Klaasmeyer, Esq.
Federal ID: 14272
1544 Fording Island Road, Suite A
Hilton Head, South Carolina
(843) 973-5438

Hilton Head, South Carolina                              ***Attorney for Plaintiff***
March 17, 2025